UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ELIZABETH MARY GRANT,

                Plaintiff,                  **MEMORANDUM & ORDER**
                                                              25-CV-01664 (PKC) (JRC)

        -against-

115TH PRECINCT, *et al.*,

                Defendants.
------------------------------------------------------------x
PAMELA K. CHEN, United States District Judge.

    *Pro se* Plaintiff Elizabeth Grant, currently incarcerated at the Rose M. Singer Center on Rikers Island, filed this action under 42 U.S.C. § 1983 ("Section 1983") in the United States District Court for the Southern District of New York ("Southern District") on March 10, 2025. (Compl., Dkt. 1.) The Southern District transferred the action to this Court on March 26, 2025. (Case Transfer, Dkt. 5.) On April 14, 2025, and April 15, 2025, respectively, the Court received Plaintiff's request to proceed *in forma pauperis* ("IFP") and a Prison Litigation Reform Act ("PLRA") authorization form. (IFP Motion, Dkt. 8; PLRA, Dkt. 9.) The Court grants Plaintiff's request to proceed IFP. For the reasons stated below, Plaintiff's claim for the use of excessive force by Police Officer ("P.O.") Michael Grassiano will proceed. Plaintiff's claims against the remaining Defendants fail to state a claim for which relief can be granted and are dismissed.[1]

---

[1] Plaintiff is enjoined from filing IFP actions in the Eastern District of New York without first obtaining leave from the Court. *See Grant v. NY Presbyterian et al.*, No. 24-cv-6327 (PKC) (LB), 2024 WL 4476743 (E.D.N.Y. Oct. 16, 2024). This case, though originally filed in the Southern District, became subject to the filing injunction upon its transfer to this Court. Based on the filing injunction and upon review of the complaint, the Court declines to address Plaintiff's claims against Defendants identified by Plaintiff as the 115th Precinct, P.O. Kaur, the ASPCA, and C.O. Perry, because the allegations against these Defendants fail to state a claim upon which relief may be granted pursuant to 28 U.S.C. 1915A(b) and 1915(e)(2)(B) and addressing these claims would not be an efficient use of judicial resources.

## BACKGROUND

The Court has conducted a thorough review of Plaintiff's complaint, in which she alleges, *inter alia*, excessive use of force by P.O. Grassiano. (Compl., Dkt. 1, at ECF[2] 4, 5). As best as can be determined, Plaintiff alleges that on May 21, 2024, she was falsely arrested and subjected to the use of excessive force by P.O. Grassiano. (*Id.* at ECF 8.) Plaintiff alleges that P.O. Grassiano "was alone in her bedroom where he legally did not belong inappropriately touching me and then assaulting me dragging me out of my bed naked ferociously slamming me against the wall and throwing me into my hallway." (*Id.* at ECF 4.) Plaintiff alleges that she suffered physical injury. (*Id.*) Plaintiff seeks release from Rikers Island and appears to be seeking some degree of monetary damages. (*Id.* at ECF 5.)

## STANDARD OF REVIEW

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). The Court is required to read the Plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Sealed Pl. v. Sealed Def. #1*, 537 F.3d 185, 191–93 (2d Cir. 2008). At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010). A complaint must plead facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a

---

[2] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Any complaint or portion of a complaint which "is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief," must be dismissed by the district court upon this review. 28 U.S.C. § 1915A(b).

## DISCUSSION

Section 1983 provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). To state a claim under Section 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived [her] of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'" *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).

"The Fourth Amendment prohibits the use of unreasonable and therefore excessive force by a police officer in the course of effecting an arrest." *Tracy v. Freshwater*, 623 F.3d 90, 96 (2d Cir. 2010). "Police officers' application of force is excessive, in violation of the Fourth Amendment, if it is objectively unreasonable in light of the facts and circumstances confronting them." *Maxwell v. City of New York*, 380 F.3d 106, 108 (2d Cir. 2004) (internal citation omitted); *Basora v. City of Poughkeepsie*, No. 22-CV-03300 (PMH), 2025 WL 50322, at *3 (S.D.N.Y.

Jan. 8, 2025). "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." *Graham v. Connor*, 490 U.S. 386, 396 (1989) (internal citation omitted). Nevertheless, a police officer must still show that the force was objectively "necessary and proportionate to the circumstances." *Edrei v. Maguire*, 892 F.3d 525, 540 2d Cir. 2018); *Urena v. City of New York*, No. 22-CV-4679 (RA), 2024 WL 4149182, at *4 (S.D.N.Y. Sept. 10, 2024). Assuming Plaintiff's allegations to be true, Plaintiff alleges a plausible claim for the excessive use of force against P.O. Grassiano.

## CONCLUSION

Accordingly, it is ordered that:

1. Plaintiff is granted leave to proceed *in forma pauperis*;

2. The Clerk of Court prepare a summons for P.O. Michael Grassiano, 115th Police Precinct, 92-15 Northern Blvd, Jackson Heights, NY, 11372;

3. The United States Marshals Service serve this Order, the summons, and the complaint upon P.O. Michael Grassiano without prepayment of fees;

4. The Clerk of Court send a courtesy copy of this Order and the complaint to the Corporation Counsel for the City of New York, Special Federal Litigation Division; and

5. The matter be referred to Magistrate Judge James R. Cho for pretrial proceedings.

It is further ordered that Plaintiff's complaint is dismissed against the remaining Defendants. *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. No summons shall issue as to these Defendants.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: April 30, 2025
      Brooklyn, New York

5