UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ELIZABETH MARY GRANT,

                Plaintiff,

        - against -

115TH PRECINCT, *et al.*,

                Defendants.

----------------------------------------------------------x

**MEMORANDUM & ORDER**
25-CV-1664 (PKC) (SDE)

PAMELA K. CHEN, United States District Judge:

The Court is in receipt of Plaintiff's motions to "reopen" two of her cases, *Grant v. 115th Precinct et al*, No. 25-CV-1664 ("**1664 case**"), which is the instant case, and *Grant v. Camino*, No. 25-CV-1635 ("**1635 case**"). (*See* Dkts. 17, 26.) In both cases, Plaintiff alleges violations of state laws and the 4th Amendment "right to privacy and property," (*see* Dkt. 17, at 1; *see also* Dkt. 26, at ECF[1] 1). The Court liberally construes Plaintiff's motions as requesting reconsideration of the Court's prior rulings (1) closing her **1635 case** and (2) dismissing all Defendants other than Defendant Michael Grassiano in her **1664 case**. *See Rodriguez-Morales v. Jamison*, No. 23-CV-7956 (PAE), 2024 WL 4479911, at *2 (S.D.N.Y. Sept. 24, 2024) ("The Court liberally construes pleadings submitted by pro se litigants." (citing *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018))).

### DISCUSSION

Plaintiff is the subject of a filing injunction in this District due to her history of making frivolous filings. *See Grant v. NY Presbyterian et al.*, No. 24-CV-6327 (PKC) (LB), 2024

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

WL 4476743 (E.D.N.Y. Oct. 16, 2024).  Pursuant to the filing injunction, Plaintiff is enjoined from filing *in forma pauperis* ("IFP") actions in this District without first obtaining leave from the Court. *Grant v. Camino*, No. 25-CV-1635 (PKC) (JRC), 2025 WL 1249640, at *1 (E.D.N.Y. Apr. 30, 2025).  On March 10, 2025, Plaintiff filed her IFP complaint in the **1635 case** in the Southern District of New York ("SDNY"); that case was transferred to this District on April 14, 2025.  *See id.*  On April 30, 2025, the Court dismissed the **1635 case** for failure to state a claim and directed the Clerk of Court to file Plaintiff's submissions from the **1635 case** in the miscellaneous docket created to manage Plaintiff's filing injunction.  *See id.* at *1–2.  Plaintiff now seeks reconsideration in the form of a request to reopen that case.

Separately, Plaintiff filed her Complaint in the instant case (the **1664 case**) on March 10, 2025, also in the SDNY.  (*See* Compl., Dkt. 1.)  It too was transferred to this District.  (*See* Dkts. 3–5.)  On April 30, 2025, the Court issued a Memorandum and Order ("M&O") granting Plaintiff leave to proceed IFP in the instant case, ordering service of Plaintiff's complaint on Defendant Grassiano, and dismissing Plaintiff's claims against all other Defendants.  (*See* M&O, Dkt. 11.)  Since the Court's M&O, Plaintiff has filed nearly 50 "letters" to the Court on topics ranging from her state court-mandated civil involuntary commitment, (*see, e.g.*, Dkt. 44), to potential insurance claims, (*see, e.g.*, Dkt. 50).  Plaintiff now also seeks reconsideration of the dismissal of the other Defendants in the instant case.

"The standard for granting a motion for reconsideration is 'strict.'"  *Travelers Indem. Co. of Am. v. NorGUARD Ins. Co.*, No. 23-CV-7272 (NGG) (CHK), 2025 WL 3672554, at *2 (E.D.N.Y. Dec. 18, 2025) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)); *Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 54 (2d Cir. 2019) ("A motion for reconsideration is an extraordinary request that is granted only in rare circumstances.").  A motion for

2

reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (citation omitted). Despite Plaintiff's numerous filings, she has failed to identify "controlling decisions or data" that this Court overlooked in the two decisions for which she seeks reconsideration.

## CONCLUSION

Accordingly, the Court DENIES Plaintiff's [17] and [26] motions. The **1635 case** remains closed, and claims in the **1664 case** against all Defendants other than Defendant Grassiano remain dismissed.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated:  March 31, 2026
        Brooklyn, New York

3